James M. Seedorf
Hughes Bauman Pfiffner
 Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
(907) 263-8225

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT GREENE,<br><br>             Plaintiff,<br><br>vs.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.<br><br>             Defendant. | |
| | Case No. A04-0160 CV (RRB) |

**PLAINTIFF'S SUPPLEMENTATION OF THE RECORD IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the plaintiff, by and through his counsel of record, HUGHES BAUMAN PFIFFNER GORSKI & SEEDORF LLC, and pursuant to the court's order of April 21, 2006, provides the following supplementation of the record in opposition to defendant's Motion for Summary Judgment.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)          Page 1 of 13

I.      **Supplemental Affidavit Testimony Is Submitted Herewith.**

At the conclusion of oral argument, defendant supplemented the record by reading an excerpt, and then submitting a lengthy partial transcript from the recent deposition of former Kinko's Dimond store manager Ted Collins. Plaintiff provides herewith the remainder of the Ted Collins deposition transcript. *See*, Exhibit A. The excerpt read into the record was provided as support for defendant's position that the termination of Dwight Greene was predicated on plaintiff's failure to satisfy the employer's "legitimate" expectations for job performance. Plaintiff attaches hereto the following affidavits to address the specific points raised by Ted Collins in the materials submitted by the defendant:

A.      **Affidavit of Cheri Perez.** Ms. Perez is a former Kinko's employee from 1991 until 1998, and again from January 2002 until October 2003. She worked as a bookkeeper and Assistant Manager with Dwight Greene as her supervisor at the Dimond store in 1998 and in various capacities under Dwight Greene at the Northern Lights store in 2002 and 2003. *See*, Exhibit B.

B.      **Affidavit of Joe Poydack.** Mr. Poydack was employed as a Key-Op for Kinko's at the Northern Lights store and at the BP facility from November 2000 until approximately October 2005. *See*, Exhibit C.

C.      **Affidavit of Holly Poydack.** Ms. Poydack is a former Kinko's employee from August 1998 until October 2004 who worked at the front counter and as a Project

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)          Page 2 of 13

Manager under both Dwight Greene and Ted Collins at the Northern Lights store. *See*, Exhibit D.

      **D.**      **Affidavit of Sheila Hudman.**  Ms. Hudman was employed at Kinko's from September 2001 until November 2004 and served in various positions including Customer service and Project Manager under Dwight Greene and Ted Collins. Mr. Collins promoted her to Assistant Manager in 2004. *See*, Exhibit E.[1]

      **E.**      **Affidavit of Dave Groh.**  Mr. Groh was employed by Kinko's from June 2002 until September 2004 as a driver at the Northern Lights store under both Dwight Greene and Ted Collins. *See*, Exhibit F.

      **F.**      **Affidavit of Chris Kinney.**  Mr. Kinney worked at the Kinko's Northern Lights store under Dwight Greene from November 2000 until early 2004. *See*, Exhibit G.

**II.**      **Supplemental Testimony of Ted Collins Is Submitted Herewith.**

Selected portions of the Ted Collins deposition not previously provided by Mr. Daniel are attached hereto as Exhibit A. Together with the sections previously tendered, they provide the following pertinent references that address matters at issue with respect to this motion:

      **A.**      Mr. Collins admits lying to counsel about his anticipated deposition testimony, thereby raising issues regarding his credibility. Collins depo at 36.

---

[1] Ms. Hudman's affidavit has been sent to her for her signature, but has not yet been received by this office. An unsigned copy is attached, and the signed affidavit will be filed upon its receipt.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)          Page 3 of 13

B.  Mr. Collins agrees that he had greater hiring authority at the Dimond store than Dwight Greene did at the Northern Lights store. Collins depo at 44, 52-3.

C.  Mr. Collins agrees that the monkey mimicry incident did in fact occur. Collins depo at 45-6.

D.  Mr. Collins agrees that staffing and proper equipment are elements that can impact a manager's ability to satisfy customer expectations, that Dwight Greene was limited in both areas, and that these elements can have an impact on a store's MSM scores. Collins depo at 52-3, 91.

E.  Mr. Collins concedes that none of the Alaska stores did well in 2003 and 2004, such that performance at the Northern Lights store was consistent with the market conditions in Alaska. Collins depo at 69, 107, 110.

F.  Mr. Collins agrees that he had limited contact with the Northern Lights store while Dwight was manager, and had only limited opportunity to observe what was going on in the Northern Lights store. Collins depo at 99-101, 104.

G.  Mr. Collins states that strong growth years in 2001 and 2002 made it difficult for all Alaska stores to meet their budgets in 2003. Collins depo at 105-6.

III. **The Attached Affidavits Address Issues Raised by Counsel in the Excerpt from the Collins Deposition Read into the Record at the Oral Argument**.

A.  **Personal Discussions with Employees.** Mr. Collins states that Dwight had extended personal discussions at the store with employees on company time. Collins

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)     Page 4 of 13

depo at page 34-5. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

    1.    Ms. Perez states that Dwight was a hands-on manager with an open door policy, but that he expected employees to keep their personal problems out of the workplace. Perez Affidavit at ¶ 8.

    2.    Ms. Hudman states that Dwight treated all employees like they were family, but that he would also be firm when he needed to, and that there was no favoritism. Hudman Affidavit at ¶ 17.

    3.    Mr. Kinney states that Dwight had good relations with his employees, but does not believe that he became too closely involved in personal matters in the workplace. Kinney Affidavit at ¶¶ 3, 10, 11.

    **B.**    **Cleanliness.** Mr. Collins states that Dwight failed to attend to cleanliness and waste management issues at the Northern Lights store. Collins depo at page 34-5. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

    1.    Ms. Perez states that the Northern Lights store was consistently kept clean and never looked "trashy." Perez Affidavit at ¶ 5.

    2.    Mr. Poydack observes that the Northern Lights store was "pretty clean" under management of both Dwight and Ted. Joe Poydack Affidavit at ¶ 15.

    3.    Ms. Hudman recalls that the Northern Lights store was kept clean, and that Dwight was "picky" about keeping the store clean. Hudman Affidavit at ¶ 14.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)    Page 5 of 13

   4. Mr. Groh recalls that Dwight kept the Northern Lights store clean, but that it went downhill after Ted took over. Groh Affidavit at ¶ 13.

   5. Mr. Kinney states that Dwight kept the store clean even though it was often very busy. Kinney Affidavit at ¶ 9.

  **C.** **Employee Development.** Mr. Collins states that Dwight failed address training and employee development issues at the Northern Lights store. Collins depo at page 17, 34-5. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

   1. Ms. Perez notes that Dwight considered cross-training to be an important element employee development. Perez Affidavit at ¶ 4. Ms. Perez also states that all assistant managers at the Northern Lights store were trained to order supplies. Perez Affidavit at ¶ 4.

   2. Mr. Poydack emphasizes that Dwight viewed cross-training of employees as very important, and states that Dwight personally trained him on various pieces of equipment. Joe Poydack Affidavit at ¶¶ 3, 4.

   3. Ms. Poydack emphasizes that Dwight viewed cross-training of employees as very important, and that she was cross trained in several areas under Dwight, including ordering of supplies, but that she received no cross training under Ted Collins. Holly Poydack Affidavit at ¶ 6.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1) Page 6 of 13

    4. Ms. Hudman states that she was cross trained under Dwight's management to work all aspects of the store, and that Dwight tried to rotate people so that all areas could be covered if someone called in sick. Hudman Affidavit at ¶ 3.

    5. Mr. Groh was trained to help out with tasks even though he had no direct duties at the store. He was also trained to assist at the Hilton facility. Groh Affidavit at ¶¶ 2, 5.

    6. Mr. Kinney recalls that employees were cross trained at the Northern Lights store, and that Dwight wanted each of the employees to know how to work each of the machines. Kinney Affidavit at ¶ 5.

  **D.** **Use of the Jetlite System.** Mr. Collins states that Dwight neglected to promote use of the Jetlite system at the Northern Lights store. Collins depo at page 34-5. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

    1. Ms. Perez states that compliance with the Jetlite system was a consistent theme developed by Dwight at monthly store meetings. Perez Affidavit at ¶ 6.

    2. Mr. Poydack reports that Dwight held monthly meetings wherein he would discuss use of the Jetlite system and methods of improving MSM scores. Joe Poydack Affidavit at ¶ 11.

    3. Ms. Poydack reports that Dwight stressed the importance of the Jetlite system, and that all employees knew what they were supposed to do. Holly

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1) Page 7 of 13

Poydack Affidavit at ¶ 7.  Ms. Poydack also states that Dwight emphasized the Jetlite system and MSM scores at monthly meetings. Holly Poydack Affidavit at ¶ 11.

       4.    Ms. Hudman states that Dwight was supportive of the Jetlite system, and assigned assistant mangers the task of making sure that the employees used the system and signed off on their parts of the job. Hudman Affidavit at ¶ 8.  Ms. Hudman also recalls that the Northern Lights store was much busier than the Dimond store, and that Ted found use of the Jetlite system stressful at Northern Lights because the store was so busy. Hudman Affidavit at ¶ 9.

       5.    Mr. Kinney recalls that Dwight made sure that all employees were trained on and understood the Jetlite system. Kinney Affidavit at ¶ 8.

    E.    **Management Issues.**  Mr. Collins states that Dwight failed to attend to general management concerns at the Northern Lights store. Collins depo at page 34-5. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

       1.    Ms. Perez noted that various customers of the Dimond store followed Dwight to the Northern Lights store out of loyalty. Perez Affidavit at ¶ 9.

       2.    Mr. Poydack states that Dwight diligently followed through on projects and monitored activities. Joe Poydack Affidavit at ¶¶ 5, 6.  Mr. Poydack also explains that the BP facility declined rapidly after Dwight's departure due to the lack of attention. Joe Poydack Affidavit at ¶¶ 7-9.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)          Page 8 of 13

3. Ms. Poydack states that Dwight knew what was going on in the store, did a good job of managing the employees. Holly Poydack Affidavit at ¶ 5. Ms. Poydack also observes that morale at the Northern Lights store was "pretty good" under Dwight's management, but that morale declined after Ted took over, and that various employees quit. Holly Poydack Affidavit at ¶ 5, 10.

4. Ms. Hudman states that Dwight held monthly meetings where he discussed the Jetlite system, MSM scores, and other store issues, and would discuss competition with other stores. Hudman Affidavit at ¶ 7. Ms. Hudman also states that Dwight was fair but firm with his employees, was very involved with the operations and that morale at the store was high. Morale declined under Ted's management because he was never there, allowed the assistant managers to run the store, and always seemed stressed by the pressures of the job. Hudman Affidavit at ¶¶ 21, 24, 25, 27, 29. Ted rarely visited the Northern Lights store while Dwight was in charge, and seemed to be gone most of the time after he took over. Hudman Affidavit at ¶¶ 20, 24, 25.

5. Mr. Groh does not recall there being any manager at the Northern Lights store for several months after Dwight's termination. Groh Affidavit at ¶ 6. Mr. Groh also recalls that Dwight held regular monthly meetings that addressed the Jetlite system, improvement of MSM scores and other issues, and that he was adamant about putting jobs into the Jetlite system. Groh Affidavit at ¶ 9, 11. In addition, Mr. Groh notes that when he unsuccessfully applied for the assistant manager position, he was interviewed by Ron Kuhn rather than Dwight Greene. Groh Affidavit at ¶ 15.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)      Page 9 of 13

      6.     Mr. Kinney states that Dwight conducted monthly meetings at which he would emphasize the use of the Jetlite system, review store performance, and discuss how things could be done better. Kinney Affidavit at ¶ 4. Mr. Kinney also recalls that Dwight paid close attention to equipment status and making certain that things were in working order. Kinney Affidavit at ¶ 7.

**IV.** **The Affidavits Also Address Other Relevant Issues raised by the Collins Deposition Excerpt Submitted to the Court:**

    **A.**    **Staffing.**  Mr. Collins states that the Northern Lights store was seriously overstaffed when he assumed responsibility following Dwight's termination. Collins depo at page 15-6. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

      1.     Mr. Poydack notes that the Northern Lights store was always busy and always seemed understaffed. Joe Poydack Affidavit at ¶¶ 12-13.

      2.     Ms. Poydack explains that the Northern Lights branch was understaffed. Holly Poydack Affidavit at ¶ 6. Ms. Poydack also notes that the Northern Lights store was always busy and always seemed understaffed having only 20-25 employees. Holly Poydack Affidavit at ¶ 8.

      3.     Ms. Hudman states that there were never 40 employees at the Northern Lights store, and that she believes the number never exceeded 32 employees. She did not believe the store was ever overstaffed, and recalls that Ron Kuhn implemented a hiring freeze at the store. She also recalls that the store was so

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)     Page 10 of 13

shorthanded when Ted took over that employees from Dimond had to be brought over to cover the work. Hudman Affidavit at ¶¶ 10, 11, 12, 23.

    4.    Mr. Groh states that the number of employees at Northern Lights never reached 40, and that it always seemed like they had just enough employees to get the job done. Groh Affidavit at ¶ 8.

    **B.**    **Ordering Supplies.**  Mr. Collins states that no one knew how to order supplies, and that employees did not have responsibility for their job duties. Collins depo at page 16-18, 20-21. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

    1.    Ms. Perez stats that all assistant managers were trained to order supplies. Perez Affidavit at ¶ 4.

    2.    Ms. Poydack states that she was trained to order supplies. Holly Poydack Affidavit at ¶ 6.

    3.    Ms. Hudman recalls that the employees were cross trained on ordering supplies, and that various people took the lead in particular areas. Hudman Affidavit at ¶ 28.

    **C.**    **Hands-On Management of the Store.**  Mr. Collins states that Dwight preferred to delegate and would not "get his hands dirty" by dealing with projects. Collins depo at page 56. His testimony is contradicted by the testimony of former employees at the Northern Lights store.

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)    Page 11 of 13

      1.    Ms. Perez states that Dwight Greene was a very hands-on manager who would "pitch in when needed, and even work the floor when they were short-staffed." Perez Affidavit at ¶ 7.

      2.    Mr. Poydack states that Dwight "knew how to get his employees to work as a team and he would always pitch in when needed." He also states that Dwight would come in and work a shift if someone was sick. Joe Poydack Affidavit at ¶ 13.

      3.    Ms. Poydack recalls that Dwight was a "hands-on" manager, but "not in a micro-managing way." Holly Poydack Affidavit at ¶ 9.

      4.    Sheila Hudman states that Dwight would stay late at night to help with big jobs, and that he would help run jobs and deal with customers daily. Hudman Affidavit at ¶ 4.

      5.    Chris Kinney states that Dwight would regularly help out when the store was busy. Kinney Affidavit at ¶ 6.

      6.    Mr. Groh notes that Dwight was not the kind on manager to sit in his office, and that he could do everything and run the branch smoothly. Groh Affidavit at ¶¶ 3, 7.

## V.   Conclusion.

The foregoing affidavits contradict the testimony of Mr. Collins in numerous regards, and raise genuine issues of material fact regarding defendant's claim that Mr. Greene was not qualified for nor adequately performing his job duties at Kinko's. In considering defendant's motion for summary judgment, the testimony provided must be

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)    Page 12 of 13

construed in the fashion most favorable to the plaintiff.  Defendant's motion for summary judgment must be denied because it fails to satisfy the criteria for summary judgment.  There are numerous genuine issues of material fact that can only be resolved by a jury after full consideration of all of the facts and testimony to be provided at trial.

DATED at Anchorage, Alaska this 10th day of May, 2006.

>HUGHES BAUMAN PIFFNER
>GORSKI& SEEDORF LLC
>Attorneys for Plaintiff
>
>By: s/_____
>     James M. Seedorf
>     ABA No. 7710164
>
>     3900 C Street, Suite 1001
>     Anchorage, Alaska 99503
>     907-263-8225/907-263-8320 (fax)
>     jms@hbplaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing is being served
electronically on Thomas Daniel
this 10th day of May, 2006.

s/_____
James M. Seedorf

*Supplement to Record In Opposition to Motion for Summary Judgment*
*Greene v. FedEx Kinko's,* Case No. A04-0160 CV
246207(8690-1)         Page 13 of 13

**LIST OF EXHIBITS**

**PLAINTIFF'S SUPPLEMENTATION OF THE RECORD IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

A. Deposition of Ted Collins, pages 86 through 133.
B. Affidavit of Cheri Perez
C. Affidavit of Joe Poydack
D. Affidavit of Holly Poydack
E. Affidavit of Sheila Hudman
F. Affidavit of Dave Groh
G. Affidavit of Chris Kinney