Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for FedEx Kinko's Office and Print Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT GREENE,<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.,<br><br>        Defendant. | Case No. A04-0160 CV (RRB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF**

On May 17, 2006, after extensive briefing and oral argument, this Court granted Defendant FedEx Kinko's Office and Print Services, Inc.'s ("Kinko's") motion for summary judgment. The plaintiff, Dwight Greene, has moved pursuant to Rule 60(b)(1) for relief from the judgment, contending that the Court was mistaken in granting summary judgment on Greene's race and retaliation claims.[1]

---

[1] Greene does not argue that the Court was mistaken in granting summary judgment on the religious discrimination claim.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
Greene v. FedEx Kinko's
Case No. 3:04-cv-0160 (RRB)      - 1 -      [54249-0001/AA061670.003]

Kinko's disagrees with Greene's contention, and therefore opposes Greene's motion. Greene's motion rehashes arguments that he has previously made and that have been considered by the Court. Therefore, the motion should be denied.

I.   **Greene Has Failed to Demonstrate Any Direct Evidence of Racial Bias.**

Greene once again raises the issue of the "monkey mimicry" incident – and alleges it is direct evidence of racial bias. Greene relies on the recent case of *Ash v. Tyson Foods*, 126 S. Ct. 1195, 1197 (2006), for the proposition that "[e]vidence that a plant manager referred to the black petitioners as 'boy' was sufficient to show pretext." Plaintiff's Motion at 2. Greene misconstrues the holding of *Ash*. *Ash* did not hold that the evidence that petitioners had been referred to as "boy," standing alone, established evidence of pretext.

The Supreme Court in *Ash* remanded two issues to the Court of Appeals for reconsideration, noting that its ultimate decision may have been correct. *Id.* at 1196. The first was whether the plant manager/decision maker's repeated reference to the black petitioners as "boy," might be evidence of racial animus. The Supreme Court instructed that referring to a black man as a boy could evidence racial bias depending on "context, inflection, tone of voice, local custom, and historical usage." *Id.* at 1197.[2] Thus, the Supreme Court directed the Court of

---

[2] Second, the Supreme Court required the Court of Appeals to reconsider its holding that when comparing petitioners' qualifications to the persons promoted, pretext could only be shown when, "the disparity in qualifications is so apparent as virtually to jump off the page and slap you in the face." *Id.* at 1197. The Supreme Court ruled that this standard was "unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications." *Id.*

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

Appeals to consider whether this evidence was enough to support the jury's verdict.

In contrast, here there is undisputed evidence of the context of the alleged "monkey mimicry" incident. Greene was telling Kuhn that a frustrated customer told Greene he was running the business like a monkey when she did not get the attention she wanted. Docket 35, Ex. 1 at 188-89. According to Greene, Kuhn responded by putting his hands under his arms and making monkey sounds. *Id.* Greene did not take the customer's statement as being racist. *Id.* However, Greene thought Kuhn's action might have been racist because Greene thought that Kuhn had treated Greene unfairly in the past. In short, Greene has made an inferential leap which the context of the situation does not support. Indeed, the testimony of the only other former manager who recalls the incident, Ted Collins, was that Kuhn's action was not a racist gesture. Deposition of Ted Collins (submitted on April 18, 2006 and attached hereto) at 45-47.[3]

Moreover, even if the "monkey mimicry" incident could somehow be interpreted as a racial gesture, it is not sufficient evidence to show pretext, i.e., to overcome the overwhelming undisputed evidence of the reason for Greene's termination – persistently low MSM scores that did not improve after repeated warnings.

---

[3] Greene's conclusory assertion that Kuhn was a racist also is belied by the fact that most of Kuhn's subordinates (who were allegedly treated better) were minorities that Kuhn himself had promoted.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
Greene v. FedEx Kinko's
Case No. 3:04-cv-0160 (RRB)   - 3 -   [54249-0001/AA061670.003]

## II. It is Undisputed That Greene's MSM Scores Were Habitually Inadequate.

Greene once again argues that Kinko's should not have terminated Greene because he had substandard MSM scores – scores which it is undisputed that Kuhn could not control. Greene's motion attaches a chart as Exhibit A, which shows that under Kuhn's management, all the Kinko's stores dramatically improved and exceeded Kinko's expectations by the end of 2003. Of all the Kinko's stores managed by Kuhn, the Northern Lights branch was among the worst. Only the MSM store in Pearl City, Hawaii, was lower at the time of Greene's termination. It is undisputed that the Branch Manager of Pearl City quit under threat of termination. Docket 35, Ex. 2 at 137. This chart does not present evidence of inconsistent treatment. Instead, it demonstrates that Kuhn took the MSM scores seriously and took adverse action against managers who could not meet Kinko's standards.[4]

## III. Greene Has Failed to Demonstrate a Causal Link Between His Termination and this Discrimination Complaint.

Greene also attacks this Court's ruling on the retaliation claim. Greene has pointed to no evidence demonstrating a causal link between his termination and his complaint of discrimination. Greene had been repeatedly warned that he needed to bring his MSM scores up by both Ron Kuhn and Heather Clark both

---

[4] Greene also points to Docket 35, Ex. 27 for the proposition that there were "dozens of other stores with lower scores." This is not what Ex. 27 demonstrates. The chart shows a sampling of 78 Kinko's stores. The only store with an MSM score lower than Greene's was in South Beach Miami, Florida – a store not supervised by either Heather Clark or Ron Kuhn.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
Greene v. FedEx Kinko's
Case No. 3:04-cv-0160 (RRB)       - 4 -        [54249-0001/AA061670.003]

before and after he made his discrimination complaint. Greene was even given a second and third chance to save his job as the result of his discrimination complaint.

Greene also misstates the records in his motion where he states that Heather Clark "offered to 'start over' if Dwight would forget about his complaint." There is no evidence that Clark ever offered to "start over" regarding Greene's poor MSM scores. Rather, the cited testimony was that after Kinko's internal investigation had been completed and Kuhn was going to be reengaged as Greene's supervisor, Clark asked Greene if he was willing to give Kuhn a fresh start. Docket 39, Ex. 2 at 255-57. Despite Greene's efforts to draw attention away from the MSM scores, he has not pointed to any evidence to show that his termination was directly related to his poor performance.

## CONCLUSION

This is a simple case. Greene was not meeting the MSM scoring standards established by Kinko's. He was repeatedly warned over a period of years to get the MSM scores up to standards. Prior to his termination, he was given specific MSM scoring goals and he understood that his job would be in jeopardy if he did not meet these goals. Greene utterly failed to do so. Plaintiff's Motion for Relief should be denied.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
Greene v. FedEx Kinko's
Case No. 3:04-cv-0160 (RRB)                - 5 -                [54249-0001/AA061670.003]

DATED: June 19, 2006.

> PERKINS COIE LLP
> Attorneys for Defendant
>
>
> By s/Thomas M. Daniel
>    Thomas M. Daniel
>    Alaska Bar No. 8601003
>    1029 West Third Ave., Suite 300
>    Anchorage, Alaska 99501
>    907/279-8561/907-276-3108 (fax)
>    tdaniel@perkinscoie.com

I hereby certify that a true and correct
copy of the foregoing is being served
electronically on James Seedorf this 19th
day of June, 2006.
s/Thomas M. Daniel
Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF
Greene v. FedEx Kinko's
Case No. 3:04-cv-0160 (RRB)         - 6 -                    [54249-0001/AA061670.003]