James M. Seedorf
Hughes Bauman Pfiffner
 Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
(907) 263-8225

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT GREENE,<br><br>           Plaintiff,<br><br>vs.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.<br><br>           Defendant. | <br><br><br><br><br><br><br><br><br><br>Case No. A04-0160 CV (RRB) |

## OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES

COMES NOW plaintiff Dwight Greene, by and through counsel of record, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and states his opposition to defendant's Motion for Attorney's Fees.

Defendant asks this court for an award of attorney's fees in the amount of $35,728.04 pursuant to the Schedule set forth in Alaska Civil Rule 82(b)(2). The amount is computed as 20% of the fees actually billed by counsel to defendant for the defense of

Plaintiff's Opposition to Motion for Attorney's Fees – Page 1 of 4
*Greene v. Fed-Ex Kinko's*, Case No. 04-0160 CV (RRB)
247908(8690-1)

this matter. Plaintiff submits that the amount should be reduced in accordance with the several of the factors set forth in ARCP 82(b)(3), as discussed below

First, the actual amount billed by counsel to Kinko's is based on attorney's fee rates that appear to be on the high end of typical rates used in the Anchorage area. While the billing rate of $275/hour may be within the normal range charged by Seattle firms for national clients, it is somewhat on the high side for litigation services in the Anchorage legal market. Plaintiff submits that computations based on lesser rate would be more in accord with the local market than those sought by Kinko's in the pending motion, and could reduce the proposed fee award by several thousand dollars.

Second, the award should be reduced even further because the amount requested by defendant would serve to deter other Kinko's employees, or indeed, other employees generally, from bringing litigation with respect to legitimate issues affecting their employment and discharge. ARCP 82(b)(3)(I) permits the court to consider "the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from voluntary use of the courts." An award as sought by Kinko's would have precisely that effect. Indeed, an international mega-corporation like FedEx Kinko's can easily afford to make an example of an individual employee like Dwight Greene. Employees of a corporate defendant who have made modest earnings and then experienced unemployment after termination can hardly be expected to economically survive a fee award in the range of $35,000, as sought be defendant. An

Plaintiff's Opposition to Motion for Attorney's Fees – Page 2 of 4
*Greene v. Fed-Ex Kinko's*, Case No. 04-0160 CV (RRB)
247908(8690-1)

award of even a few thousand dollars would impose a substantial burden on a person who has already lost his job.

Finally, there is no question that plaintiff was treated poorly by defendant and its supervisor, Ron Kuhn, over an extended period of time.  Indeed, Kinko's defends the case in part by arguing that Greene was treated no differently than other employees, and that Kuhn was disciplined with counseling because of the way that he dealt with Greene and other employees.  While the court rejected the racial connection between his actions and the discharge, the fact that Dwight was mistreated remains as an equitable factor that can and should be used by the court to deviate from the fee schedule in making its award.  ARCP 82(b)(3)(K); *Sever v. Alaska Pulp Corp.*, 931 P.2d 354 (Alaska 1996).

Plaintiff recognizes that Rule 82 authorizes the award of attorney's fees in favor of the prevailing party upon entry of judgment, and that the rule has been applied by federal courts sitting in diversity cases.  The rule also authorizes deviation from the fee schedule in cases where appropriate under the criteria specified.  Plaintiff submits that this is just such a case, and that an appropriate fee award under the circumstances presented, as described above, should not exceed $5,000.

Plaintiff's Opposition to Motion for Attorney's Fees – Page 3 of 4
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
247908(8690-1)

DATED at Anchorage, Alaska, this 19th day of June, 2005.

HUGHES BAUMAN PIFFNER
GORSKI& SEEDORF LLC
Attorneys for Plaintiff


By:   s/   James M. Seedorf
      ABA No. 7710164
      3900 C Street, Suite 1001
      Anchorage, Alaska 99503
      907-263-8225/907-263-8320 (fax)
      jms@hbplaw.net


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing is being served
electronically on Thomas Daniel
this 19th day of June, 2006.

s/   James M. Seedorf

Plaintiff's Opposition to Motion for Attorney's Fees – Page 4 of 4
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
247908(8690-1)