Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for FedEx Kinko's Office and Print Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DWIGHT GREENE,

Plaintiff,

v.

FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.,

Defendant.

Case No. 3:04-cv-0160-rrb

**REPLY TO OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY FEES**

The plaintiff in this action, Dwight Greene, initiated this action in 2004 alleging race, religious and age discrimination and unlawful retaliation under AS 18.80. Greene proceeded to claim millions of dollars in damages against his former employer, FedEx Kinko's Office and Print Services, Inc. ("Kinko's"). After Kinko's had filed a dispositive motion, Greene voluntarily withdrew his claim of age discrimination at oral argument. This Court granted summary judgment on Greene's race, religious, and age discrimination claims, holding that no reasonable jury could find that Greene's termination from Kinko's was motivated by

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

retaliation or race or religious discrimination in light of the fact that Greene had failed to perform according to Kinko's expectations, and that he failed to improve his MSM scores after repeatedly being warned that his job was in jeopardy if he failed to do so.

Kinko's incurred over $175,000 in attorney fees to defend against Greene's claims. The case was complex and involved depositions noticed by Greene in Seattle, Portland, Dallas, Los Angeles, Honolulu, and Albuquerque, as well as numerous depositions in Alaska – greatly contributing to the expense. Greene now objects to paying 20% of the attorney fees Kinko's necessarily incurred pursuant to the schedule listed in Alaska Civil Rule 82(b)(2).

**A. Mr. Daniel's Hourly Rate.**

Mr. Daniel's hourly rate of $275 is a standard rate charged to non-public sector clients in 2006. It is the same rate charged to any private company, regardless of whether the client is based in Alaska or outside. It has not been inflated, as alluded to by Greene, because Kinko's is a "national client."

Greene alleges that Mr. Daniel's rate "appear[s] to be on the high end of typical rates used in the Anchorage area."[1] Greene provides no factual support for this assertion. This alone requires rejection of Greene's argument. *See Bozarth v. Atlantic Richfield Oil Co., Inc.*, 833 P.2d 2 (Alaska 1992) (holding that where the

---

1 The $275.00 per hour figure is based on Mr. Daniel's hourly rate in 2006. As the invoices attached to Kinko's motion for attorney fees demonstrates, Mr. Daniel's hourly rate was less throughout most of this litigation. Greene does not allege that the rates Kinko's counsel charged for work performed by associates or paralegals were excessive.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

hourly rates of attorneys was the standard rate charged and where "[n]o persuasive evidence has been presented that they are unreasonable" it was proper to award Rule 82 fees based on that hourly rate). There is simply no evidence that Mr. Daniel's hourly rate is unreasonable as needed to justify deviation from the amount actually paid by Kinko's and Alaska Civil Rule 82.

**B. The Amount of the Fee Award.**

Attorneys' fee awards made pursuant to the Rule 82 schedule are presumptively correct. *McGlothlin v. Municipality of Anchorage*, 991 P.2d 1273, 1277 (Alaska 1999). Greene seeks to overcome this presumption by arguing that the requested fee award would deter employees from bringing valid claims.[2] The Alaska Supreme Court has expressly rejected a similar argument. In *Van Huff v. Sohio Alaska Petroleum Co.*, 835 P.2d 1181, 1188 (Alaska 1992), the court affirmed a substantial award of $117,000 in attorneys' fees against an individual plaintiff, and rejected a similar argument that Greene is making here:

> Van Huff's constitutional argument is that if Rule 82 is used to award attorney's fees against good-faith plaintiffs, the risk of incurring a large attorney's fee award will deter many plaintiffs from bringing suit, effectively depriving these litigants of access to the courts. Using his case as an example, he claims that it is unfair to expect an unemployed laborer to pay the attorney's fees of a large corporation after litigation of a non-frivolous wrongful termination claim.
>
> We reject Van Huff's constitutional argument for the same reasons we rejected that argument in *Stepanov v.*

---

[2] Greene has offered no evidence to support his claim that a Rule 82 award would be excessively burdensome.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

> *Gavrilovich*, 594 P.2d 30, 37 (Alaska 1979). The argument "completely ignores the financial burden that such plaintiffs impose upon those who are forced to defend against such actions in equal good-faith." *Id.* We understand that attorney's fees can be very burdensome, but we do not believe that Rule 82, as applied in this case, violates the state or federal constitutional guarantees of due process of the law.

*Van Huff*, 835 P.2d at 1188. While Greene is not arguing that Rule 82 violates the constitution, his argument that other similarly-situated employees would be deterred from litigation is no different than the argument advanced by the employee in *Van Huff*. Greene has simply ignored the financial burden he has placed on Kinko's that has been forced to defend his unsupported claims of discrimination and retaliation.[3]

### C. Greene's Allegation that His Former Supervisor Treated Him Poorly.

Finally, Greene argues that he was "mistreated" by Ron Kuhn and, for that reason, he should not be liable for the amount dictated by the Rule 82 schedule. Greene's citation to *Sever v. Alaska Pulp Corp.* 931 P.2d 354 (Alaska 1996),is misplaced as *Sever* involved a situation where it was undisputed that the employer had violated the National Labor Relations Act in its treatment of the plaintiff. This case presents no similar factual situation. Greene may have found it difficult

---

[3] Greene also argues that Kinko's could use the threat of Rule 82 awards to "make an example of an individual employee like Dwight Greene." This argument does not hold any water. Greene only serves as an "example" to employees with weak wrongful discharge claims. Greene would not serve as any example for an employee with a meritorious claim.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

to work with Ron Kuhn. However, an employee who does not like his boss's management style cannot insulate himself against Alaska Civil Rule 82 liability.

## II. CONCLUSION

Kinko's was put to substantial expense in litigating this lawsuit. Although Kinko's might be entitled to more than 20% of the attorney fees it incurred based on the complexity of Greene's allegations and the unreasonableness of Greene's claims, Kinko's has only requested what it is presumptively entitled to under Alaska Civil Rule 82(b)(2). As such, Kinko's respectfully requests that its motion for attorney fees be granted in full.

DATED: June 26, 2006.

**PERKINS COIE LLP**
Attorneys for FedEx Kinko's Office and Print Services, Inc.

By s/Thomas M. Daniel
Thomas M. Daniel
Alaska Bar No. 8601003
1029 West Third Ave., Suite 300
Anchorage, Alaska 99501
907/279-8561/907-276-3108 (fax)
tdaniel@perkinscoie.com

I hereby certify that a true and correct copy of the foregoing is being served electronically on James Seedorf this 26th day of June, 2006.
s/Thomas M. Daniel
Thomas M. Daniel