James M. Seedorf
Hughes Bauman Pfiffner
 Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
(907) 263-8225

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT GREENE,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.<br><br>            Defendant. | |
| | Case No. A04-0160 CV (RRB) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO DIRECT CLERK TO TAX COSTS

COMES NOW plaintiff Dwight Greene, by and through counsel of record, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and states his Opposition to defendant's Motion to Direct Clerk to Tax Costs.

Defendant's cost bill was filed on June 1, 2006. It was accompanied by an itemization of the requested costs, but no notice of scheduling for a cost bill hearing. No receipts or supporting documentation for the costs were included. On June 13, 2006,

Plaintiff's Opposition to Defendant's Motion to Direct Clerk to Tax Costs – Page 1 of 5
*Greene v. Fed-Ex Kinko's*, Case No. 04-0160 CV (RRB)
248450(8690-1)

plaintiff objected in writing to the requested costs, noting that defendant had failed to comply with the rules regarding scheduling a hearing and providing documentation, as well as raising a concern over deposition costs for an item not used in the proceeding. After receiving the opposition, on June 15, 2006, defendant noticed a cost bill hearing for June 22, 2006, and on June 20, 2006, defendant provided supporting documentation for the costs.

At the cost bill hearing on June 22, 2006, the Clerk noted that defendant had failed to comply with the rules and that costs could not, for that reason, be taxed. She went on to discuss plaintiff's other objection as well as portions of the other defendant requests that could not, in any event, have been taxed. Defendant indicated that it would seek relief from the court despite its non-compliance with the rules.

I.   **Defendant Has Not Established Good Cause for Relief**

Local Rule 54.1(a) provides that a cost bill must be served "together with … [B] a notice of the time of the cost bill hearing . . . " not later than ten days after the entry of judgment. No notice of cost bill hearing was provided concurrently with the cost bill, nor was one provided within the allotted period of time. Accordingly the requested costs were properly denied.

Local Rule 54.1(b)(1) provides that a cost bill "must include" not only "photocopies of invoices," but also "proofs of payment" along with such other documentation as may be appropriate. No such backup documentation was timely

Plaintiff's Opposition to Defendant's Motion to Direct Clerk to Tax Costs – Page 2 of 5
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
248450(8690-1)

provided, thereby rendering the cost bill out of compliance with the requirements of the rules. Once again, the requested costs were properly denied.

Defendant argues that the court has authority to consider whether technical defects in a cost bill operate as a "harsh" waiver of a party's entitlement to costs, and cites six cases as authority for relief from compliance with the rules. First, it should be noted that certain procedural rules do provide for relief under specific circumstances, but none have been cited by defendant. (e.g., Rule 60 provides for relief under six specified rationales.) Defendant does not contend that it was misled or prevented from compliance by any specified set of circumstances, but only that the time limits set by the rules should be ignored whenever the results might work a hardship on one of the parties.

The six cases cited by defendant provide only marginal support for its position. As a practical matter, three of the cited cases are state court cases decided under the state cost rule, and the award of costs in this matter is governed by FRCP 54 and the corresponding local rule. Indeed, two of those case dealt with cost bills that were filed before a judgment was entered rather than after the deadline expired. *Gates v. City of Tenakee Springs*, 822 P.2d 455 (Alaska 1992); *Fairbanks North Star Borough v. Tundra Tours, Inc.*, 719 P.2d 1020 (Alaska 1986). The other relied upon ARCP 94.1 allowing for relaxation of the rules where, in the court's discretion, it is determined that application of the rules would work an injustice. *City and Borough of Juneau v. Commercial Union Ins. Co.*, 598 P.2d 957 (Alaska 1979). There is no injustice that results from the application of the rules; moreover, it is clear even under the state rules that a failure to

Plaintiff's Opposition to Defendant's Motion to Direct Clerk to Tax Costs – Page 3 of 5
*Greene v. Fed-Ex Kinko's*, Case No. 04-0160 CV (RRB)
248450(8690-1)

file for, or oppose a bill of costs will result in a waiver of the party's rights. *M-B Contracting Co. v. Davis*, 399 P.2d 433 (Alaska 1965); *A.C. Industries, Inc., v. State of Alaska*, 551 P.2d 951 (Alaska 1976).

The three federal cases cited by defendant do not provide compelling authority for Kinko's request for relief. Two of those cases deal with amendment of pleadings rather than costs, and were decided under FRCP 15 which specifically provides for liberal application of the rules to motions to amend. *Foman v. Davis*, 371 U.S. 178 (1964); *G.F, Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498 (Ninth Cir. 1994). The remaining federal case concluded that the court did have jurisdiction to consider a late filed motion for costs, but that under the circumstances presented, the prevailing party "may recover [the expenses] as part of the award of attorney's fees" since they were expert witness fees that "would normally be charged to a fee paying client." *Harris v. Marhoeffer*, 24 F.3d 16, 19 (Ninth Cir. 1994).

Kinko's has failed to state any compelling reason that would excuse it from not presenting its cost bill and related materials in a timely fashion, nor has it provided any authority that would call for relaxation of the rules under the circumstances presented. While plaintiff would have been able to avoid the submission of written objections by raising them at a cost bill hearing had one been scheduled, he ultimately filed his objections in written form to assure that they were preserved and considered before any award was rendered. While that may constitute only a modest level of prejudice, it does

Plaintiff's Opposition to Defendant's Motion to Direct Clerk to Tax Costs – Page 4 of 5
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
248450(8690-1)

stand as even further justification why the clerk's declination of the request for costs should be allowed to stand.

DATED at Anchorage, Alaska, this 17th day of July, 2005.

HUGHES BAUMAN PIFFNER
GORSKI & SEEDORF LLC
Attorneys for Plaintiff


By:   s/ James M. Seedorf
      ABA No. 7710164
      3900 C Street, Suite 1001
      Anchorage, Alaska 99503
      907-263-8225/907-263-8320 (fax)
      jms@hbplaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing is being served
electronically on Thomas Daniel
this 17th day of July, 2006.

s/ James M. Seedorf

Plaintiff's Opposition to Defendant's Motion to Direct Clerk to Tax Costs – Page 5 of 5
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
248450(8690-1)