Thomas M. Daniel, Esq.
Perkins Coie LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)
tdaniel@perkinscoie.com

Attorneys for FedEx Kinko's Office and Print Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT GREENE,<br><br>        Plaintiff,<br><br>v.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.,<br><br>        Defendant. | Case No. 3:04-cv-0160-rrb |

### DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING TAXATION OF COSTS

Defendant FedEx Kinko's hereby respectfully moves the Court to reconsider its Minute Order Denying Motion to Tax Costs, dated August 28, 2006.

Following entry of Judgment in favor of defendant FedEx Kinko's on May 23, 2006, defendant FedEx Kinko's Office and Print Services, Inc. filed a timely Bill of Costs on June 1, 2006, which included an affidavit of counsel itemizing costs totaling $6,329.83. Plaintiff objected to the Bill of Costs on the grounds that it did not include a notice of the time of the cost bill hearing and did

MOTION TO RECONSIDER
*Greene v. FedEx Kinko's*
Case No. 3:04-cv-0160-rrb

\- 1 -                                              [54249-0001/AA062420.001]

not include photocopies of invoices or proofs of payment. The only substantive objection advanced by the plaintiff was a charge of $911 for the videotape of the deposition of Ron Kuhn (leaving net costs of $5,418.83, to which there was no substantive objection).

Defendant supplemented its cost bill with invoices and proofs of payments and a notice of the time of the hearing. *See Errata* dated June 20, 2006. Nevertheless, the Clerk refused to award any costs to defendant. Defendant then filed a motion to direct the clerk to tax costs, which the Court denied, without explanation, on August 28, 2006.

Defendant respectfully requests reconsideration because Fed. R. Civ. P. 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case. *Assoc. of Mexican American v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). Plaintiff's objections to the award of costs are purely technical objections. He has not argued that the costs were not incurred by defendant, nor has he argued that he was prejudiced in any way by the late filing of the invoices and proofs of payment. Instead, it is the defendant who has suffered prejudice by not being allowed to recover costs that were actually incurred in defending a meritless lawsuit.

Defendant also moves for reconsideration because the cost bill should not be denied on the grounds that it was late. The Ninth Circuit has ruled that even if a local rule as to the time of filing the cost bill is applicable, "that requirement does not oust the district court's jurisdiction to consider the allegedly late motion for costs." *Harris v. Marhoefer*, 24 F.3d 16, 20 n.4 (9th Cir. 1994). Moreover, here the cost bill was timely. It was the attachments that should have been filed

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

MOTION TO RECONSIDER
*Greene v. FedEx Kinko's*
Case No. 3:04-cv-0160-rrb
[54249-0001/AA062420.001]

with the cost bill that were late – invoices and proofs of payment – that were late, not the cost bill itself.

Moreover, costs should not be denied absent an explanation. A district court must state its reasons for the denial of costs, so an appellate court will be able to determine whether it abused its discretion. *Subscription Television, Inc. v. Southern California Theatre Owners Ass'n.*, 576 F.2d 230 (9th Cir. 1978); *Assoc. of Mexican American v. State of California*, 231 F.3d 572, 591-593 (9th Cir. 2000). See also Wright, Miller, and Kane, *Federal Practice and Procedure: Civil Third § 2668*, and cases cited therein.

For all the foregoing reasons, defendant respectfully requests that the Court reconsider its order denying taxation of costs and direct the clerk to enter an award of costs to the defendant in the amount of $5,418.83.

DATED: August 31, 2006.

PERKINS COIE LLP
Attorneys for FedEx Kinko's Office and
Print Services, Inc.


By s/Thomas M. Daniel
   Thomas M. Daniel
   Alaska Bar No. 8601003
   1029 West Third Ave., Suite 300
   Anchorage, Alaska  99501
   907/279-8561/907-276-3108 (fax)
   tdaniel@perkinscoie.com

I hereby certify that a true and correct copy of the foregoing is being served electronically on James Seedorf on August 31, 2006.

s/Thomas M. Daniel
Thomas M. Daniel

MOTION TO RECONSIDER
*Greene v. FedEx Kinko's*
Case No. 3:04-cv-0160-rrb

- 3 -

[54249-0001/AA062420.001]