James M. Seedorf
Hughes Bauman Pfiffner
 Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
(907) 263-8225

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DWIGHT GREENE,<br><br>               Plaintiff,<br><br>vs.<br><br>FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.<br><br>               Defendant. | <br><br><br><br><br><br><br><br><br>Case No. A04-0160 CV (RRB) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO RECONSIDER ORDER DENYING COSTS**

COMES NOW plaintiff Dwight Greene, by and through counsel of record, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and makes his Response to defendant's Motion to Reconsider Order Denying Costs.

I.     Facts.

Kinko's cost bill was filed on June 1, 2006. It was accompanied by an itemization of the requested costs, but no notice of scheduling for a cost bill hearing. No receipts or

Plaintiff's Response to Defendant's Motion To Reconsider – Page 1 of 5
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
250787(8690-1)

supporting documentation for the costs were included.  On June 13, 2006, plaintiff objected in writing to the requested costs, noting that defendant had failed to comply with the rules regarding scheduling a hearing and providing documentation, as well as raising a concern over deposition costs for an item not used in the proceeding.  After receiving the opposition, on June 15, 2006, defendant noticed a cost bill hearing for June 22, 2006, and on June 20, 2006, defendant provided supporting documentation for the costs.

At the cost bill hearing on June 22, 2006, the Clerk noted that defendant had failed to comply with the rules and that costs could not, for that reason, be taxed.  She went on to discuss plaintiff's other objection as well as portions of the other defendant requests that could not, in any event, have been taxed.  Defendant indicated that it would seek relief from the court despite its non-compliance with the rules.

**II    Argument.**

Kinko's argues that it should be granted relief from compliance with the rules regarding supporting documentation and scheduling of a hearing because it filed its cost bill within the ten deadline for requesting costs.  Kinko's observes that ordinarily costs are awarded as a matter of course, but fails to acknowledge that such awards are in favor of parties who have complied with the cost rules.  In this case, the clerk did not award costs because the rules had not been complied with, and Kinko's has provided no compelling reason to the court as to why relief would be proper.

While this court has authority to waive the timing requirements of the cost rules, there is no requirement that it do so unless the party seeking costs demonstrates good

Plaintiff's Response to Defendant's Motion To Reconsider – Page 2 of 5
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
250787(8690-1)

cause for such an order. The matter remains an issue committed to the discretion of the court. While the Ninth Circuit has recognized the need for a statement of reasons supporting a decision to deny costs, the fact that a party has failed to comply with the rules is in itself justification for such a decision. The court in *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994), acknowledged that the district court retained jurisdiction to consider a late motion for costs, but imposed no requirement that relief be granted.

Kinko's also argues that Greene's objections are purely technical, and that it has been "prejudiced" by not being awarded costs that were actually incurred. The rules, however, place the issue of providing relief where an applicant that has failed to comply with the rules governing awards of costs squarely within the discretion of the court. None of the cases cited by Kinko's dispense with the requirement that cost bill applicants follow the rules, but instead allow the court to extend relief in appropriate cases. The reason that costs were denied by the clerk was the failure of Kinko's to comply with the rules, and the court has merely affirmed that decision without further discussion.

In *Assoc. of Mexican American v. State of California*, 231 F.3d 572 (9th Cir. 2000), cited by Kinko's as authority for an award of costs, the court specifically declined to restrict the authority of the district judge to deny costs, and overturned a contrary decision that limited the bases upon which courts could deny costs. The Ninth Circuit Court specifically recognized several appropriate reasons to deny costs even to litigants who have complied with the rules, including economic disparity between the parties and the chilling effect created by the imposition of imposing high costs on potential future

Plaintiff's Response to Defendant's Motion To Reconsider – Page 3 of 5
*Greene v. Fed-Ex Kinko's*, Case No. 04-0160 CV (RRB)
250787(8690-1)

civil rights litigants. *Id.* Those specific rationales were cited by this court in its order determining the amount of attorney's fees to which Kinko's was entitled.

This court has previously ruled on Kinko's application for attorney's fees. Kinko's stated that its fees exceeded $175,000, and sought an award of more than $35,000 from the court. Greene opposed the motion for several reasons, including the chilling effect of such an award on potential future litigants. The court awarded $10,000 in fees to Kinko's, stating "plaintiff . . . was proceeding in good faith . . . out of a legitimate belief that he was mistreated" and that "the Court does not wish to unnecessarily discourage pursuit of legal redress." Those same rationales support the court's decision to deny Kinko's motion on the cost issue.

**III.   Conclusion.**

Kinko's motion raises nothing new regarding the issue of costs. Kinko's admits that it failed to comply with the rules regarding applications for an award of costs. This court has already recognized that post-judgment awards can impose a substantial burden that may serve as a disincentive to other prospective plaintiffs in similar types of matters. Relaxation of the rules to permit an additional award of costs against Greene would further exacerbate that concern.

Kinko's has failed to state any compelling reason that would excuse it from not scheduling a cost hearing and serving the related materials in a timely fashion, nor has it provided any authority that would call for relaxation of the rules under the circumstances presented.

Plaintiff's Response to Defendant's Motion To Reconsider – Page 4 of 5
*Greene v. Fed-Ex Kinko's*, Case No. 04-0160 CV (RRB)
250787(8690-1)

DATED at Anchorage, Alaska, this 8th day of September, 2006.

        HUGHES BAUMAN PIFFNER
        GORSKI& SEEDORF LLC
        Attorneys for Plaintiff

By:   s/ James M. Seedorf
      ABA No. 7710164
      3900 C Street, Suite 1001
      Anchorage, Alaska 99503
      907-263-8225/907-263-8320 (fax)
      jms@hbplaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served electronically on Thomas Daniel this 8th day of September, 2006.

s/ James M. Seedorf

Plaintiff's Response to Defendant's Motion To Reconsider – Page 5 of 5
*Greene v. Fed-Ex Kinko's.*, Case No. 04-0160 CV (RRB)
250787(8690-1)