Thomas M. Daniel
Perkins Coie LLP
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Defendant
FedEx Kinko's

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DWIGHT GREENE,

        Plaintiff,

v.

FEDEX KINKO's,

        Defendant.

Case No. 3:04-cv-0160-RRB

**JOINT SCHEDULING AND PLANNING CONFERENCE REPORT**

This is an employment discrimination case that is on remand from the Ninth Circuit. Plaintiff's complaint alleged that he was discharged from his job as a branch manager for Defendant because of his race, age, religion, and in retaliation for an internal complaint against his district director, Ron Kuhn, that he submitted to management of Defendant, all of which he alleged violated the Alaska Human Rights Act, AS 18.80. 220 (no federal claims were alleged). This Court granted summary judgment to the Defendant on all claims on May 17, 2006

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING CONF RPT   - 1 -   [54249-0001/14378768_1.DOC]
54249-0001/LEGAL14378768.1
54249-0001/LEGAL14491027.1

(docket #52). Plaintiff appealed only the dismissal of his race discrimination and retaliation claims.

The Court of Appeals affirmed summary judgment to the Defendant as to Plaintiff's claim of race discrimination, but reversed on the issue of retaliation. The remaining retaliation claim has two parts: (1) Plaintiff's claim that Defendant retaliated against him for giving him a low score on a branch review known as a Branch Operations Assessment ("BOA") on July 8, 2003; and (2) Plaintiff's claim that Defendant retaliated against him by discharging him in early 2004.

Discovery was completed in 2005, prior to this Court's order granting summary judgment. Plaintiff may seek limited additional discovery on liability issues. Defendant objects to any additional discovery on liability. This issue may need to be addressed by the Court if the parties are not able to agree. Both parties agree that additional discovery will be necessary on damages because Defendant has no information on Plaintiff's mitigation efforts and employment history after the date that discovery previously closed in 2005. In addition, both parties will need to update their expert reports and be permitted to depose their opponent's experts.

The background above is the basis for the parties' joint proposal for discovery, motion practice and trial on remand. Accordingly, the parties recommend the following:

1. **Revised Witness Lists.**

    \_\_\_\_\_ have been exchanged by the parties

    \_\_X\_\_\_ will be exchanged by the parties by August 29, 2008.

2. **Contested Issues of Fact and Law.** The parties expect the following issues

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

of fact and/or law to be presented to the Court at trial in this matter:

    A. *Did Defendant unlawfully retaliate against Plaintiff?*

    B. *Has Plaintiff mitigated his damages?*

    C. *What are plaintiff's damages, if any?*

4.   **Discovery Plan.** The parties jointly propose to the Court the following discovery plan.

    A.    Discovery will be needed on the following issues:

        _____.

    B.    All discovery, except depositions of experts, commenced in time to be completed by:

        <u>November 14, 2008. Depositions of experts to be completed by December 19, 2008</u>.

    C.    Limitations on Discovery.

        1.    Interrogatories

        __X__ No change from F.R.Civ.P. 33(a)

        _____ Maximum of _____ by each party to any other party.

        Responses due in _____ days.

        2.    Requests for Admissions

        __X__ No change from F.R.Civ.P. 36(a).

        _____ Maximum of _____ by each party to any other party.

        Responses due in _____ days.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

    3.    Depositions.

        __X__ No change from F.R.Civ.P. 36(a), (d).

        _____ Maximum of _____ depositions by each party.

        Depositions not to exceed_____ hours unless agreed to by all parties.

D.    Reports from retained experts.

        _____ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

        __X__ Reports due: *November 1, 2008*.

        From plaintiff _____ From defendant _____

E.    Supplementation of disclosures and discovery responses are to be made:

        __X__ Periodically at 60-day intervals from the entry of scheduling and planning order.

        _____ As new information is acquired, but not later than 60 days before the close of discovery.

5.    **Pretrial Motions.**

    ___ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

    ___ Motions to amend pleadings or add parties to be filed not later than ___.

    ___ Motions under the discovery rules must be filed not later than _____.

    _X_ Motions in limine and dispositive motions must be filed not later than <u>January 12, 2009</u>.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

6. **Other Provisions:**

   A. \_\_\_\_\_ The parties do not request a conference with the court before the entry of the scheduling order.

   \_\_\_\_\_ The parties request a scheduling conference with the court on the following issue(s):_____

   B. Alternative Dispute Resolution. [D.Ak. LR 16.2]

   \_\_\_\_\_ This matter is not considered a candidate for court-annexed alternative dispute resolution.

   \_\_\_\_\_ The parties will file a request for alternative dispute resolution not later than _____.

   \_\_\_\_\_ Mediation          \_\_X\_\_ Early Neutral Evaluation.

   C. The parties \_\_\_\_\_ do \_\_\_\_\_ not consent to trial before a magistrate judge.

   D. Compliance with the disclosure requirements of F.R.Civ.P. 7.1

   \_\_\_\_\_ All parties have complied

   \_\_\_\_\_ Compliance not required by any party

7. **Trial.**

   A. The matter will be ready for trial:

   \_\_X\_\_\_    45 days after the discovery close date.

   \_\_X\_\_    not later than <u>April 1, 2009</u>.

   B. This matter is expected to take  <u>8</u>  days to try.

   C. Jury Demanded    \_X\_ Yes    \_\_\_\_\_No

   Right to jury trial disputed? \_\_\_\_\_Yes    \_\_\_\_\_No

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

HUGHES PFIFFNER GORSKI
SEEDORF & ODSEN, LLC
Attorneys for Plaintiff

Dated: July 21, 2008

By s/James M. Seedorf
    James M. Seedorf
    Alaska Bar No. 7710164
    3900 C Street, Suite 1001
    Anchorage, Alaska 99501
    907/263-8225/907/263-8320 (fax)
    jms@hpglaw.net

Dated: July 21, 2008.

PERKINS COIE LLP
Attorneys for FedEx Kinko's Office and
Print Services, Inc.

By s/Thomas M. Daniel
    Thomas M. Daniel
    Alaska Bar No. 8601003
    1029 West Third Ave., Suite 300
    Anchorage, Alaska 99501
    907/279-8561/907-276-3108 (fax)
    tdaniel@perkinscoie.com

I hereby certify that a true and correct copy of the foregoing is being served electronically on James Seedorf on July 21, 2008.

s/Thomas M. Daniel
Thomas M. Daniel

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561 / Facsimile (907) 276-3108

SCHEDULING AND PLANNING CONF RPT   - 6 -   [54249-0001/14378768_1.DOC]
54249-0001/LEGAL14378768.1
54249-0001/LEGAL14491027.1